**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DUPONT SMILES FAMILY & COSMETIC DENTISTRY, PLLC, *et al.* | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 1:25-CV-1332 |
| BTL INDUSTRIES, INC., *et al.* | ) ) ) | |
| Defendants. | ) ) | |

**<u>DEFENDANT BTL INDUSTRIES, INC.'S MOTION TO DISMISS</u>**

Defendant BTL Industries, Inc. ("BTL") moves for dismissal of this Complaint pursuant to the doctrine of *forum non conveniens* and Fed. R. Civ. P. 12(b)(6). This Court should enforce a valid forum-selection clause that specifies Massachusetts as the proper forum for resolving this dispute. In addition, the choice of law clause provides that the parties' agreements are governed by the laws of the Commonwealth of Massachusetts, and because Plaintiffs plead Count V under a District of Columbia statute, this count should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Here, the relationship between BTL and the Plaintiff Dupont Smiles Family & Cosmetic Dentistry, PLLC, Plaintiff West End Dental, PLLC, and Plaintiff Laudan Izadi ("Plaintiffs") is governed by the BTL Industries, Inc. Terms and Conditions of Sale, which was signed by Dr. Lauden Izadi (the "Purchase Agreement"). A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit A**.[1] This agreement contains a mandatory forum-selection clause:

---

[1] For a motion to dismiss, "documents that are referenced in, or an integral part of, the complaint are deemed not 'outside the pleadings.'" *Peters v. Dist. of Columbia*, 873 F.Supp.2d 158, 179 n. 20 (D.D.C. 2012) (citing *Mead v. Lindlaw*, 839 F.Supp.2d 66, 70 (D.D.C. 2012) ("In deciding a Rule 12(b)(6) motion, a court may consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by [the parties].") (internal quotations and citations omitted)). Here, the Purchase Agreement is referenced throughout the Complaint.

"**Governing Law; Jurisdiction.** This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts. The Customer agrees to submit all disputes arising out of, or relating to, this Agreement to a court in Middlesex County, Massachusetts."

(Exhibit A, at 3).

This clause is unambiguous, part of only two pages of terms and conditions, and is mandatory. Plaintiffs admit that Dr. Izadi signed the Purchase Agreement, *see* Compl. ¶41, and the forum-selection clause is located only one paragraph above her signature. The entirety of the allegations and causes of action asserted against BTL relate to the sale of equipment to Plaintiffs covered by this forum-selection clause. Pursuant to the doctrine of *forum non conveniens*, the Plaintiffs' claims should be dismissed in this court for being an unsuitable court. Further, because the Agreement is subject to a mandatory venue provision, the claims against BTL should be dismissed with prejudice.

Finally, the court should dismiss Count V for the additional reason that it explicitly relies on a District of Columbia statute. In the forum-selection clause, the parties agreed to a choice-of-law provision that specifies Massachusetts law. This is a valid, mandatory clause that precludes the Plaintiffs from asserting claims under District of Columbia statutes. For this reason, Count V should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**STANDARD**

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). *Forum non conveniens* is "a common-law doctrine that requires dismissal if the plaintiff files suit in 'an unsuitable court.'" *Azima v. RAK Inv. Auth.*, 926 F.3d 870, 873 (D.C. Cir. 2019) (*quoting Forum non conveniens*, Black's Law

---

*See, e.g.,* Compl. ¶¶ 41-44. This exhibit is a true and correct copy of the Purchase Agreement that Dr. Laudan Izadi signed to purchase BTL's products. Declaration of David Chmel    7.

Dictionary (10th ed. 2014)). Therefore, "if the plaintiff has entered into a contract to litigate his claims in a specific forum, the defendant may enforce that agreement by moving to dismiss for *forum non conveniens*." *Id*. at 874. Additionally, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 66. Furthermore, under Federal Rule 12(b)(6), any claim that fails "to state a claim upon which relief can be granted" will be dismissed.

ARGUMENT

I.      **Plaintiffs' Claims Must Be Dismissed Pursuant to Forum Non Conveniens.**

a.   The Forum-Selection Clause is Valid, Enforceable, Applicable, and Mandatory.

Motions to enforce a forum-selection clause should be denied "[o]nly under extraordinary circumstances unrelated to the convenience of the parties," and the non-movant bears the burden of proof. *Atl. Marine*, 571 U.S. at 62-63; *see also Azima*, 926 F.3d at 874 ("[I]f the plaintiff has entered into a contract to litigate his claims in a specific forum, the defendant may enforce that agreement by moving to dismiss for *forum non conveniens*. As long as the forum-selection clause is applicable, mandatory, valid, and enforceable, the court must almost always grant the motion to dismiss.").

Plaintiffs expressly agreed to the mandatory forum-selection clause contained in the Purchase Agreement, which provides that "[t]he ***Customer agrees to submit all disputes*** arising out of, or relating to, this Agreement to a court in Middlesex County, Massachusetts." Exhibit A at 3 (emphasis added). A forum-selection clause "is mandatory if it requires that litigation proceed in a specific forum," *Azima*, 926 F.3d at 874, and as the Customer, Plaintiffs are required to submit *all disputes* relating to the Agreement to a court in Middlesex County, Massachusetts. The forum-selection clause is mandatory.

3

This forum selection clause is also valid and enforceable because it was clearly communicated in the Purchase Agreement, which consists of a single-page quotation and two, single-spaced pages with bold text to draw attention to each paragraph header, including the second-to-last section: "**Governing Law; Jurisdiction**." Exhibit A at 3 (emphasis in original). In addition, the forum-selection clause is located on the same page as Dr. Izadi's signature, only one paragraph above, which means there is no question that it was reasonably communicated to Plaintiffs when Dr. Izadi signed.

The forum-selection clause is also clearly applicable because all of Plaintiffs' claims arise out of or relate to the Purchase Agreement. *See* Compl. ¶¶84-144. Furthermore, the Complaint combines the allegations and causes of action of all three Plaintiffs to the point that they are indistinguishable. Every cause of action asserted against BTL specifically recites the sale and purchase of the EMFACE and EXION equipment as its basis.

b.    The Claims Should Be Dismissed Instead of Transferred.

According to the forum-selection clause in the Purchase Agreement, this case should be litigated in the forum to which the parties agreed: a court in Middlesex County, Massachusetts. The forum-selection clause unambiguously requires this case to be resolved in Middlesex County, Massachusetts. Exhibit A at 3 ("The Customer agrees to submit all disputes arising out of, or relating to, this Agreement to a court in Middlesex County, Massachusetts"). There are multiple state courts in Middlesex County, Massachusetts. *See* Massachusetts Court System Locations, Commonwealth of Massachusetts, https://www.mass.gov/orgs/massachusetts-court-system/locations. In contrast, there is no Federal District Courthouse in the agreed forum of Middlesex County, Massachusetts. *See* Divisional Offices, United States District Court for the District of Massachusetts,

https://www.mad.uscourts.gov/divisions.htm. Therefore, transferring this case to federal court would cause the dispute to be resolved in a place other than the one designated by contract. Thus, when a forum-selection clause points to a state court, the appropriate remedy is "outright dismissal" rather than transfer. *Atl. Marine*, 571 U.S. at 60.

Because the forum-selection clause in the Purchase Agreement is valid, enforceable, applicable, and mandatory, this court should dismiss this case for *forum non conveniens*.

**II.      Count V Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).**

Count V of the Complaint, brought by Plaintiff Laudan Izadi in her personal capacity, alleging a violation of a District of Columbia statute should also be dismissed due to the choice of law provision in the Purchase Agreement. Like the forum-selection clause, Plaintiffs agreed to the choice of law provision that expressly states that "[t]he Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts." Exhibit A, at 3. Despite having agreed to Massachusetts law, Plaintiff Laudan Izadi pleads Count V under the District of Columbia Consumer Protection Procedures Act (D.C. Code § 28-3905). Compl. ¶¶145-160. This Count is in direct contradiction of the governing choice of law clause and therefore is not a cause of action on which Plaintiff may be granted relief.

Where the chosen law has a substantial relation to the transaction and was not chosen for the express purpose of evading otherwise applicable local consumer protection laws, D.C. courts give effect to the choice-of-law clause and dismiss all claims arising under both the D.C. Code and D.C. municipal regulations. *Armstrong v. Accrediting Council for Continuing Ed.*, 980 F.Supp. 53, 60 (D.C. Cir. 1997).

First, as the location of BTL's principal place of business, Compl. ¶5, Massachusetts has a substantial relationship to the transaction because BTL is a party to the Purchase Agreement.

*Armstrong*, 980 F.Supp. at 59 ("The location of one of the two parties to the loan contract in California creates the critical nexus between the transaction and the jurisdiction indicated in the choice of law clause such that this court is compelled to apply that forum's law.").

Second, Massachusetts is BTL's home state, so Massachusetts law was not "included for the express purpose of evading otherwise applicable law or is contrary to either public policy or a statute enacted for the protection of that state's citizens." *Armstrong*, 980 F. Supp. at 59. Here, as in *Armstrong*, the Complaint does not allege any "nefarious purpose" for the forum-selection clause. *Id.* To the contrary, the Complaint alleges that "The Terms and Conditions of Sale document was a pre-printed boilerplate writing bearing the form number "FO-098-USA-Quotation-130." Compl. ¶42. As in *Armstrong*, "[i]t is both rational and reasonable for [BTL] to operate consistently under laws of its home state, rather than be forced to operate under 51 different laws depending upon the location of the [Customer]." *See Armstrong*, 980 F. Supp. at 59. Accordingly, Count V should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

WHEREFORE, Defendant, BTL Industries, Inc., respectfully requests this Court dismiss the Complaint with prejudice, and for such other relief as this Court deems proper.

Dated: July 1, 2025                                    Respectfully submitted,

By: /s/_____
**DALLIN GLENN**
D.C. Bar No.: 1015362
General Counsel, BTL Industries, Inc.
362 Elm St, Marlborough MA 01752
Telephone: (508) 309-7948, ext. 222
glennd@btlnet.com
*Counsel for Defendant BTL Industries, Inc.*

6

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on July 1, 2025, a true and correct copy of the foregoing was served electronically upon counsel of record for Plaintiffs and on Defendants via FedEx to the following addresses:

MMP Capital, LLC
Corporation Service Co.
251 Little Falls Drive
Wilmington, DE 19808


Marlin Leasing Corporation
d/b/a PEAC Solutions
Corporation Service Co.
Princeton South Corp. Center, Suite 160
100 Charles Ewing Blvd.
Ewing, NJ 08628


By: _/s/_____
**DALLIN GLENN**
D.C. Bar No.: 1015362
General Counsel, BTL Industries, Inc.
362 Elm St, Marlborough MA 01752
Telephone: (508) 309-7948, ext. 222
glennd@btlnet.com
*Counsel for Defendant BTL Industries, Inc.*