IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUPONT SMILES FAMILY & COSMETIC DENTISTRY, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> BTL INDUSTRIES, INC., et al., <br><br> *Defendants*. | Case No. 1:25-cv-01332-AHA |

### DEFENDANT MMP CAPITAL, LLC'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

**I.   INTRODUCTION**

Plaintiffs' Opposition completely misses the mark. Neither the Opposition nor Plaintiffs' recently filed Amended Complaint (Docket No. 18)[1] affects the arguments or relief sought in MMP Capital, LLC's ("MMP") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Docket No. 15 (the "Motion to Transfer")); that is, any and all claims against MMP must be transferred to the United States District Court for the Eastern District of New York (Central Islip) in accordance

---

[1] Because the new allegations in the Amended Complaint do not impact – *in any way whatsoever* – the arguments in MMP's pending Motion to Transfer, MMP believes that the Court may address the pending Motion to Transfer without MMP having to re-file in light of the recent filing of the Amended Complaint. As discussed more fully below, despite the opportunity to amend their pleadings, Plaintiffs did not include (and will be unable to include) any allegation that the forum selection provision in the EFA was a product of fraud or mistake. The lack of this critical fact is dispositive of the contested issues in the Motion to Transfer. If, however, the Court requires or requests that a new Motion to Transfer be filed in light of Plaintiffs' Amended Complaint, MMP will adhere to such request.

1

with the mandatory forum selection provision contained in the Equipment Finance Agreement (the "EFA").[2]

## II. PLAINTIFFS CANNOT SIMPLY IGNORE THE FORUM SELECTION PROVISION IN THE EFA AND PRETEND IT DOES NOT EXIST

In apparent recognition of the enforceability of the forum selection provision in the EFA, and in an attempt to make an end run around the clear application of *Atlantic Marine*[3], Plaintiffs make the very specious (and ultimately incorrect) contention that no contract exists between the parties due to a "mutual mistake" concerning the ability to use the EXION machine in the District of Columbia. According to Plaintiffs, the EFA's forum selection provision then simply vanishes from existence, and they can ignore its presence. Unfortunately for Plaintiffs, that is not the law.

A forum selection provision is, at its heart, a separate agreement, one to settle disputes arising out of an agreement in a particular forum. *See Marra v. Papandreou,* 216 F.3d 1119, 1123, (D.C. Cir. 2000) ("A forum-selection clause is understood not merely as a contract provision, but as a distinct contract in and of itself--that is, an agreement between the parties to settle disputes in a particular forum--that is separate from the obligations the parties owe to each other under the remainder of the contract."). This is precisely why courts require parties resisting the enforcement of a forum selection provision to plead facts demonstrating that the forum selection provision ***itself*** was a product of fraud or mistake. Indeed, "[b]y requiring the plaintiff specifically to allege that the choice clause itself was included in the contract due to fraud . . . courts may ensure that more general claims of fraud will be litigated *in the chosen forum*, in accordance with the contractual expectations of the parties." *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1296 (11th

---

[2] A true and correct copy of the EFA and its ancillary agreements (collectively, the "EFA Agreements") was attached to MMP's Motion to Transfer as **Exhibit A** (Docket No. 15-1).
[3] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. Of Tex.*, 571 U.S. 49 (2013).

Cir. 1998) (emphasis in original); *see also Stamm v. Barclays Bank of New York,* 1996 WL 614087 (S.D.N.Y.1996) ("A claim of fraud in the inducement of a contract is insufficient to invalidate a forum selection or choice-of-law clause found in that contract. Rather, it is the inclusion of those specific clauses plaintiffs seek to avoid that must have been induced by fraud."); *Water & Sand Int'l Cap., Ltd. v. Capacitive Deionization Tech. Sys., Inc.,* 563 F. Supp. 2d 278, 283 (D.D.C. 2008) (citing *L & L Constr. Assocs., Inc. v. Slattery Skanska, Inc.,* 2006 WL 1102814, at *4 (D.D.C. Mar. 31, 2006) (Lamberth, J.)) ("Mere conclusory allegations that a forum selection [clause] was induced by fraud and misrepresentations are insufficient to overcome the strong presumption in favor of enforcing forum selection clauses.").[4]

Plaintiffs have utterly failed to plead *any* facts relating specifically to the forum selection provision in the EFA, let alone facts that the forum selection provision *itself* was a product of any fraud or mutual mistake, as is required by law to defeat MMP's Motion to Transfer. Plaintiffs effectively admit that they are unable to allege fraud or mistake as to the forum selection provision itself. *See* Opposition at p. 6 ("Because of mutual mistake as to the substance **of the whole contract** there are no valid and binding contracts, and thus there are no valid and binding venue selection clauses.") (emphasis added); p. 15 ("In the case at bar, the mistake (or fraud) goes to the legality of using the equipment for any purpose whatsoever and this threshold matter goes to the very substance of the agreement, rendering it void for mutual mistake."). Simply because Plaintiffs now seek to rescind the EFA Agreements based on fraud or mistake, does not aid them in avoiding the forum selection provision, because the fraud or mistake must relate to the forum selection

---

[4] For this reason, MMP believes that Plaintiffs' demand to hold the Motion to Transfer in abeyance pending the filing of any renewed motion to dismiss to be unwarranted. There is no reason for this Court to adjudicate any substantive issues when those issues should properly be before the United States District Court for the Eastern District of New York (Central Islip).

provision itself and not the EFA Agreements as a whole. The lack of any evidence of fraud or "mistake" specifically relating to the forum selection provision is fatal to Plaintiffs' cause. Moreover, as will be discussed more fully in MMP's forthcoming motion to dismiss, D.C. law does not recognize an independent claim for rescission. *See Ali v. Mid-Atl. Settlement Servs., Inc.,* 640 F. Supp. 2d 1, 11 (D.D.C. 2009), *aff'd sub nom. Ali v. Tolbert,* 636 F.3d 622 (D.C. Cir. 2011) ("Rescission is not an independent cause of action, but instead is an equitable remedy that a plaintiff who has been induced to enter in a contract by false and fraudulent misrepresentations may elect as an alternative to damages."). Accordingly, even if Plaintiffs' new rescission claim had any bearing on MMP's Motion to Transfer – which it does not – this "claim" should be dismissed outright.

Put simply, Plaintiffs' general allegations of fraud or mistake as they relate to MMP and the EFA Agreements must be litigated in the United States District Court for the Eastern District of New York (Central Islip), as agreed.

### III.   EACH OF PLAINTIFFS' CLAIMS "ARISES OUT" OF THE EFA AGREEMENTS

Plaintiffs appear to argue that only "contract cases" are subject to a forum selection provision. That, again, is not the law. The EFA (on the first page under the section entitled "General") contains a broad forum selection provision that states:

> This EFA shall be governed and construed under the laws of the State of New York … and is deemed to have been performed in Nassau County, NY. **You submit to the jurisdiction of NY and agree that the state and federal courts sitting in Nassau County, New York, shall have the exclusive jurisdiction over any action or proceeding to enforce this EFA or any action or proceeding arising under this EFA**. . . **You waive any objection based upon improper venue and/or forum non-conveniens**.

Exhibit A at "General" (emphasis added). The EFA's forum selection clause is broad and encompasses "any action or proceeding to enforce this EFA *or any action or proceeding arising*

4

*under this EFA*." *See* Exhibit A at EFA (emphasis added). There can be no question – just like the similar claims asserted against MMP in *St. Francis Holdings, LLC v. Cynosure, Inc.,* No. 8:20-CV-1101-T-02AAS, 2020 WL 9601509 (M.D. Fla. Sept. 23, 2020)[5] – that each of Plaintiffs' claims in this case arises under the EFA.

Simply because Plaintiffs chose to state their claims as ones sounding in fraud, and chose to carefully avoid pleading a breach of contract claim, does not change the nature of what this action is about or the fact that this lawsuit arises out of the parties' relationship as established by the very agreement containing the forum selection provision. Thus, it cannot reasonably be argued that each of the claims asserted by Plaintiffs against MMP "arises under" the EFA Agreements. *See Cheney v. IPD Analytics, LLC,* 583 F. Supp. 2d 108, 122 (D.D.C. 2008) ("A claim may arise under a contract (1) where the claim ultimately depends on the existence of a contractual relationship between the parties; (2) resolution of the claims relates to interpretation of the contract; or (3) contract-related tort claims involve the same operative facts as a parallel claim for breach of contract.") (internal quotations and citations omitted). Here, even if this case is not a "contract case" as Plaintiffs contend, it certainly finds its roots in the EFA Agreements and unquestionably "arises under" the EFA Agreements. Plaintiffs admit as much in their Opposition. *See* Opposition at p. 4 ("The MMP contract is a direct result of the mutual mistake or fraud involving BTL and attributable to MMP. . .").

Because the forum selection provision is valid and the claims asserted against MMP "arise under" the EFA Agreements, the question of whether or not the EFA Agreements were a product

---

[5] Those claims included, among others, claims for fraud in the inducement, civil conspiracy, rescission, and violation of Florida's Deceptive and Unfair Trade Practices Act. *See St. Francis Holdings, LLC v. Cynosure, Inc.,* No. 8:20-CV-1101-T-02AAS, 2020 WL 9601509, *2 (M.D. Fla. Sept. 23, 2020). Importantly, here, the *St. Francis Holdings* court did not just transfer the contract claims; rather, the court transferred all of the claims, including those sounding in fraud.

of fraud or mistake is a question for the United States District Court for the Eastern District of New York, not this Court.

## IV.     *ATLANTIC MARINE* CONTROLS AND REQUIRES TRANSFER

Despite Plaintiffs' efforts to distance themselves from the EFA Agreements' forum selection provision and shift the heavy burden to MMP, as established above and in MMP's Motion to Transfer, those efforts are in vain. Accordingly, Plaintiffs' reliance on *Shi v. New Mighty United States Trust,* 918 F.3d 944 (D.C. Cir. 2019) and similar cases is entirely misplaced for the simple reason that no forum selection clause was present in those cases. As stated above, Plaintiffs cannot simply deem the forum selection clause to be invalid merely because they claim the EFA Agreements were procured by fraud or mistake.[6] The fraud or mistake must go to the forum selection provision itself.

Moreover, Plaintiffs make no effort to identify any "extraordinary circumstances" present in this case that would counsel against enforcement of the forum selection provision. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. Of Tex.*, 571 U.S. 49, 62-63 (2013) (citation omitted). To be sure, there is no suggestion that fraud or mistake led to the incorporation of the forum selection provision in the EFA Agreements, and Plaintiffs do not suggest that they would be unable to obtain relief on their claims in the United States District Court for the Eastern District

---

[6] *See, e.g., Williams v. Aire Serv, LLC,* No. 1:18-CV-099-NT, 2018 WL 4955198, at *3 (D. Me. Oct. 12, 2018) (demonstrating the "absurdity" of Plaintiffs' argument, stating that "[t]he logical conclusion of the argument would be that the federal courts ... would first have to determine whether the contracts were void before they could decide whether, based on the forum selection clauses, they should be considering the cases at all. An absurdity would arise if [this] court [in Maine] determined the contracts were not void and that therefore, based on valid forum selection clauses, the cases should be sent to [Texas]—for what? A determination as to whether the contracts are void?") (internal quotations and citation omitted). Plaintiffs put the cart well before the horse in asking this Court for a determination that the EFA Agreements are void due to alleged fraud or mistake.

of New York (Central Islip). Nor have Plaintiffs suggested that enforcing the forum selection provision in the EFA Agreements would violate any strong public policy. Rather, Plaintiffs simply contend that it would be burdensome for them to travel away from D.C. to litigate their dispute. This purported burden is a private factor, one that *Atlantic Marine* has concluded does not factor into the analysis when the parties have contractually agreed to resolve disputes in a certain forum. Plaintiffs' only other argument that severing the claims and requiring them to litigate in different fora has similarly been rejected, including in a matter involving the same forum selection provision at issue in this case. *See, e.g., St. Francis Holdings, LLC v. Cynosure, Inc.,* No. 8:20-CV-1101-T-02AAS, 2020 WL 9601509, at *5 (M.D. Fla. Sept. 23, 2020) (internal citations omitted) ("However, several courts analyzing similar circumstances have found that *Atlantic Marine* calls for the enforcement of forum-selection clauses, notwithstanding objections about duplicative litigation or judicial efficiency. Allowing judicial efficiency to rule the day would effectively neutralize *Atlantic Marine* and allow clever parties to plead around valid forum-selection clauses by adding multiple defendants. This would cut against the U.S. Supreme Court's instructions to honor forum-selection clauses 'in all but the most exceptional cases.' Additionally, severance here will not create purely duplicative litigation. Plaintiffs' claims against Cynosure are based on a sales agreement, while Plaintiffs' claims against MMP Capital are based on a financing agreement. Although these contracts are related, they present different issues. Thus, on balance with the other public-interest factors, the Court finds that these concerns about judicial efficiency are insufficient to avoid transfer.").

If a forum selection provision were to be rejected every time a plaintiff asserted a generic claim of rescission or fraud in the inducement, forum selection provisions would be rendered meaningless. Because *Atlantic Marine* controls, such private interest concerns as asserted by

Plaintiffs are immaterial, and any public concerns they may have raised, if any, also present no persuasive argument to void the forum selection clause in the EFA Agreements.

## V. <u>CONCLUSION</u>

Based on the foregoing, MMP Capital, LLC, respectfully requests that the Court sever Plaintiffs' claims against MMP and transfer them to the United States District Court for the Eastern District of New York (Central Islip). No "exceptional factors" are present in this case and Plaintiffs have identified no "extraordinary circumstances" as defined by the Supreme Court in *Atlantic Marine* (and subsequent cases) to preclude enforcing the forum selection provision in the EFA. Accordingly, transfer is required in the instant case.

Respectfully submitted this 21st day of July, 2025.

**QUARLES & BRADY LLP**

*/s/ Jonathan P. Labukas*
Jonathan P. Labukas (D.C. Bar No. 998662)
**QUARLES & BRADY, LLP**
2020 K Street, NW
Suite 400
Washington, D.C. 20006-1806
Telephone: (202) 372-9514
Facsimile: (202) 372-9596
Jonathan.Labukas@quarles.com

*Counsel for Defendant MMP Capital, LLC*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2025, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court and served, via the Court's CM/ECF system, which will send a notice of electronic filing and a copy to all counsel of record.

                                               */s/ Jonathan P. Labukas*
                                               Jonathan P. Labukas